# UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Louisville Division**

| | | |
|---|---|---|
| Jerald Davis<br>    *Plaintiff* | ) ) ) | |
| v. | ) ) | Case No. 3-14-cv-777-H |
| GLA Collection Co., Inc.<br>    *Defendant*<br>    Serve:<br>        Michael L. Lynch<br>        2630 Gleeson Lane<br>        Louisville, KY 40299 | ) ) ) ) ) ) ) ) | |
| Portfolio Recovery Associates, LLC<br>    *Defendant*<br>    Serve:<br>        Corporation Service Company<br>        2711 Centerville Road<br>        Suite 400<br>        Wilmington, DE 19808 | ) ) ) ) ) ) ) ) ) | |
| Equifax Information Services, LLC<br>    *Defendant*<br>    Serve:<br>        CSC-Lawyers Incorporating<br>            Service Company<br>        421 West Main St.<br>        Frankfort, KY 40601 | ) ) ) ) ) ) ) ) ) | |
| Experian Information Solutions, Inc.<br>    *Defendant*<br>    Serve:<br>        C T Corporation System<br>        306 W Main Street<br>        Suite 512<br>        Frankfort, KY 40601 | ) ) ) ) ) ) ) ) ) | |
| Trans Union, LLC<br>    *Defendant*<br>    Serve:<br>        The Prentice Hall Corp. System<br>        421 West Main Street<br>        Frankfort, KY 40601 | ) ) ) ) ) ) ) ) | |

|  |  |
|---|---|
| EOS CCA | ) |
| *Assumed name for* | ) |
| Collecto, Inc. | ) |
|     *Defendant* | ) |
|     Serve: | ) |
|         C T Corporation System | ) |
|         306 W. Main Street | ) |
|         Suite 512 | ) |
|         Frankfort, KY 40601 | ) |
|  | ) |

## COMPLAINT and DEMAND FOR JURY TRIAL

### Introduction

1. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"); and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2. Defendant GLA Collection Co., Inc. ("GLA") reported negative credit information to one or more consumer reporting agencies concerning Plaintiff Jerald Davis in connection with a medical debt. Mr. Davis recently contacted GLA in connection with paying off the debt. GLA informed Mr. Davis that the amount due on the debt was over $130.00 greater than the amount it reported on his consumer credit report. According to GLA, the debt was subject to 8.00% interest from the date it was referred GLA for collection. GLA insisted that Mr. Davis include the accrued interest on the debt as a condition of payment and before it would delete the negative trade line associated with the debt. Upon information and belief, GLA had no legal right to accrue and assess 8.00% interest on Mr. Davis's debt. GLA violated multiple sections of the FDCPA by including and collecting interest on a debt that it had no legal right to collect.

3. Mr. Davis brought suit against Defendant Portfolio Recovery Associates, LLC ("PRA") for attempting to collect interest or fees from him on two different debts that it had no legal right to recover. PRA included this illegal interest or fees in negative credit information concerning Mr. Davis to consumer reporting agencies. Mr. Davis settled his claims with PRA in connection with both debts.

4. In October 2014, Mr. Davis reviewed his Experian consumer credit report, which included information from Experian, Equifax, and Trans Union. Mr. Davis's Experian credit report included negative information furnished by PRA in connection with one of the debts he settled previously with PRA. Mr. Davis disputed the PRA debt appearing on his consumer credit report with Equifax, Experian, and Trans Union. The negative information remained on Mr. Davis's consumer credit report. Upon information and belief, either PRA failed to delete the negative trade line associated with the debt on Mr. Davis's consumer credit report and/or Equifax, Experian, and Trans Union all failed to correct and update Mr. Davis's consumer credit report.

5.  These and other acts by GLA and PRA violate the FDCPA and FCRA. These and other acts violate Equifax, Experian, and Trans Union's duty to maintain the maximum possible accuracy of Mr. Davis's consumer credit reports.

6.  Defendant EOS CCA ("EOS") is furnishing negative information to one or more consumer reporting agencies concerning Mr. Davis and an alleged debt originated by AT&T Mobility. As of February 20, 2014, EOS was reporting that $1,749.00 was the original amount due and that $2,812.00 was the amount due. But EOS was reporting that $2,064.00 was the amount due in October 2014. EOS is a debt collector and violated the FDCPA by including fees and/or interest on a debt allegedly owed by Mr. Davis that it had no legal right to recover from him.

### Jurisdiction and Venue

7.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681p, and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. § 2201. Venue is proper, because many of the relevant events affected and/or damaged a consumer living within Jefferson County, Ky., which is located within this District.

### PARTIES

8.  Plaintiff Jerald Davis is a natural person who resides in Jefferson County, Ky. Mr. Davis is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

9.  Defendant GLA Collection Co., Inc. ("GLA") is a third-party debt collector, whose principal office is located at 2630 Gleeson Ln., Louisville, KY 40299.

10. GLA regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

11. Defendant Portfolio Recovery Associates, LLC ("PRA") is a limited liability company, the principal purpose of whose business is the collection of debts, operating a debt collection agency with its principal place of business located at 120 Corporate Blvd., Norfolk, VA 23502.

12. PRA regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

13. Defendant Equifax Information Services, LLC ("Equifax") is a foreign limited liability company, with its principal place of business located at 1550 Peachtree Street NW, Atlanta, GA 30309. Equifax has registered to do business with Kentucky Secretary of State. Equifax is a "consumer reporting agency" within the meaning of the FCRA.

14. Defendant Experian Information Solutions, Inc. ("Experian") is a foreign corporation, with its principal place of business located at 475 Anton Blvd., Costa Mesa, CA

92626. Experian has registered to do business with Kentucky Secretary of State. Experian is a "consumer reporting agency" within the meaning of the FCRA.

15. Defendant Trans Union, LLC ("Trans Union") is a foreign limited liability company, with its principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626. Trans Union has registered to do business with Kentucky Secretary of State. Trans Union is a "consumer reporting agency" within the meaning of the FCRA.

16. Defendant EOS CCA ("EOS"), assumed name for Collecto, Inc., is a foreign corporation, the principal purpose of whose business is the collection of debts, operating a debt collection agency with its principal place of business located at 700 Longwater Drive, Norwell, MA 02061.

17. EOS regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

**I.     Facts Relating to GLA Collection Co., Inc.**

18. For well over a year, Mr. Davis has been attempting to improve his credit in order to qualify for lower interest rates for major purchases such a vehicle and a home.

19. Upon information and belief, GLA has been furnishing negative credit information to one or more consumer reporting agencies concerning a medical debt allegedly owed by Mr. Davis.

20. The medical debt at issue was for personal medical services rendered to Mr. Davis, which makes the GLA debt at issue a "debt" within the meaning of the FDCPA.

21. Mr. Davis's consumer credit reports in December 2012 and October 2014 include negative credit information concerning this debt. Both reports listed that $780.00 was the amount due on the debt in each instance.

22. Mr. Davis recently contacted GLA concerning this debt for purposes of paying off the debt.

23. GLA informed Mr. Davis that he owed $911.01 on the debt and not just the $780.00 it reported to consumer reporting agencies.

24. According to GLA, Mr. Davis's debt was subject to 8.00% per annum from the date that the debt was referred to GLA for collection.

25. Upon information and belief, the medical debt was not a liquidated debt. Rather, the amount of the debt is subject to dispute based on insurance issuances and the nature of the

underlying agreement itself.

26. Upon information and belief, GLA began assessing and accruing interest on Mr. Davis's debt before demanding payment of the debt from Mr. Davis.

27. Upon information and belief, GLA has no legal right either under contract or statute to assess and accrue interest on Mr. Davis's debt at the rate of 8.00% per annum.

28. GLA unequivocally told Mr. Davis that he had to pay $911.01 to satisfy the debt rather than $780.00 GLA reported as the amount due on the debt to one or more consumer reporting agencies.

29. Unless Mr. Davis paid the $911.01, GLA would not delete the negative credit information it reported on his consumer credit report or report the debt as paid in full.

## II. Facts Relating to Portfolio Recovery Associates, LLC; Equifax Information Services, LLC; Experian Information Solutions, Inc.; and Trans Union, LLC

30. On March 19, 2014, Mr. Davis requested and obtained a copy of his consumer credit report from Experian Information Solutions, Inc.

31. Mr. Davis's Experian consumer credit report included negative credit information furnished by PRA concerning two separate debts: one originated by Capital One Bank (USA), N.A. ("Capital One") and one originated by HSBC Bank ("HSBC").

32. Mr. Davis acknowledges that he had credit card accounts with Capital One and HSBC.

33. Mr. Davis used his Capital One and HSBC credit card accounts solely for personal, family, and/or household purposes, which makes each of these debts a "debt" within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

34. The negative credit information furnished by PRA in connection with the Capital One and HSBC debts included the addition of interest and/or fees to the face amount of the debt made within one year of filing this complaint.

35. On April 9, 2014, Mr. Davis brought suit against PRA alleging that PRA violated the FDCPA by adding interest to the Capital One and HSBC debts that PRA had no legal right to assess, accrue, and collect.

36. Mr. Davis quickly reached a settlement with PRA and dismissed his claims against PRA.

37. On October 10, 2014, Mr. Davis requested, obtained, and reviewed a copy of his consumer credit report from Experian, which included credit information from Experian, Equifax, and Trans Union.

38. Mr. Davis's Experian report revealed that PRA had deleted the negative information concerning Capital One debt but was still furnishing negative information concerning the HSBC debt.

39. The information furnished by PRA concerning Mr. Davis and the HSBC debt is false. Mr. Davis is not presently liable on the debt and he does not owe the debt.

40. The false credit information furnished by PRA concerning the HSBC debt has caused injury to Mr. Davis's credit and reputation.

41. PRA furnished negative credit information concerning Mr. Davis and the Capital HSBC debt to one or more consumer reporting agencies for purposes of collecting a debt from him within the meaning of the FDCPA. *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

42. After discovering that PRA was still furnishing negative credit information concerning the HSBC debt, Mr. Davis drafted, mailed, and served dispute letters on all three consumer reporting agencies.

43. Upon information and belief, Equifax, Experian and/or Trans Union notified PRA concerning Mr. Davis's dispute, which triggered PRA's duty to re-investigate the debt under 15 U.S.C. § 1681s-2(b).

44. After receiving Mr. Davis's dispute, Equifax, Experian, and Trans Union continued to report derogatory information concerning the HSBC debt on Mr. Davis's consumer credit report.

45. Upon information and belief, PRA failed to conduct a reasonable investigation into Mr. Davis's dispute concerning the negative credit information PRA is furnishing to one or more consumer reporting agencies concerning the HSBC debt.

46. Upon information and belief, PRA falsely verified the accuracy of the HSBC debt to one or more consumer reporting agencies.

47. Upon information and belief, Equifax, Experian, and Trans Union failed to adopt and follow reasonable procedures to assure the maximum possible accuracy of Mr. Davis's consumer credit reports, as required by the Fair Credit Reporting Act, which they compiled, used and manipulated. Equifax, Experian, and Trans Union prepared and published false consumer credit reports, credit scores, risk factors/denial codes and other economic and prediction data evaluations about Mr. Davis.

48. Upon information and belief, Equifax, Experian, and Trans Union failed to conduct a reasonable investigation of Mr. Davis's dispute concerning the negative credit information furnished by PRA in connection with Mr. Davis and the HSBC debt.

49. As a result of the defendant consumer credit reporting agencies' failure to assure the maximum possible accuracy of Mr. Davis's consumer credit reports and their failure to reinvestigate his dispute, the PRA/HSBC debt continues to be reported on his consumer credit reports as being in collections and still due and owing.

### III. Facts Relating to EOS CCA

50. Mr. Davis's March 19, 2014 Experian consumer credit report includes negative credit information furnished by EOS.

51. According to his Experian consumer credit report, EOS was furnishing credit information concerning an alleged debt originated by AT&T Mobility.

52. Upon information and belief, the AT&T Mobility debt concerns a defaulted wireless communication account that was used solely for personal, family, and household purposes, which makes the EOS-AT&T Mobility debt a "debt" within the meaning of the FDCPA.

53. As of February 20, 2014, EOS was reporting that $1,749.00 was the original amount due as of August 2012 on the AT&T Mobility debt and that $2,812.00 was the current amount due.

54. Consequently, EOS was furnishing information that the amount due as of February 20, 2014 was $1,063.00 more than the amount on the debt as of August 2012.

55. This means that EOS added over 60% ($1,063/$1,749) to the amount of the AT&T Mobility debt in interest and/or fees in the nineteen months between August 2012 and February 2014.

56. Upon information and belief, EOS does not have a legal right to assess, accrue, or collect usurious interest and/or fees at the rate of more 60% on the AT&T Mobility debt.

### CLAIMS FOR RELIEF

### I. Violations of the Fair Debt Collection Practices Act

57. The allegations set forth in the paragraphs above are re-alleged and incorporated by reference as if fully set forth herein.

#### A. Claims against GLA Collection Co., Inc.

58. The foregoing acts and omissions of GLA Collection Co., Inc. constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692e, §1692f, and one or more subsections of each statute.

#### B. Claims against Portfolio Recovery Associates, LLC

59. The foregoing acts and omissions of Portfolio Recovery Associates, LLC constitute

violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692e, §1692f, and one or more subsections of each statute.

### B. Claims against EOS CCA

60. The foregoing acts and omissions of EOS CCA constitute violations of the FDCPA, including not limited to, violations of 15 U.S.C. § 1692e, §1692f, and one or more subsections of each statute.

## II. Violations of the Fair Credit Reporting Act

### A. Claims against Portfolio Recovery Associates, LLC

61. The allegations set forth in the paragraphs above are re-alleged and incorporated by reference as if fully set forth herein.

62. The foregoing acts and omissions of PRA constitute violations of the FCRA, including, but not limited to:

#### i. Violation of 15 U.S.C. § 1681n

63. After being informed by one or more consumer reporting agencies that Mr. Davis disputed the accuracy of the information it was providing, PRA willfully failed to conduct a proper investigation of Mr. Davis's dispute, filed with Equifax, Experian, and Trans Union, that PRA was furnishing negative credit information about a debt that he does not currently owe.

64. PRA willfully failed to review all relevant information purportedly provided by such consumer reporting agencies to PRA in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

65. PRA willfully failed to direct such consumer reporting agencies to delete inaccurate information about Mr. Davis pertaining to the alleged PRA debt as required by 15 U.S.C. § 1681s-2(b)(C).

66. Mr. Davis has a private right of action to assert claims against PRA arising under 15 U.S.C. § 1681s-2(b).

67. PRA is liable to Mr. Davis for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages, whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

### ii. Violation of 15 U.S.C. § 1681o

68. After being informed by one or more consumer reporting agencies that Mr. Davis disputed the accuracy of the information it was providing PRA negligently failed to conduct a proper investigation of the Mr. Davis's dispute, filed with Equifax, Experian, and Trans Union, that PRA was furnishing negative credit information about a debt that he does not currently owe.

69. PRA negligently failed to review all relevant information purportedly provided by such consumer reporting agencies to PRA in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

70. PRA negligently failed to direct such consumer reporting agencies to delete inaccurate information about Mr. Davis pertaining to the alleged PRA debt as required by 15 U.S.C. § 1681s-2(b)(C).

71. Mr. Davis has a private right of action to assert claims against PRA arising under 15 U.S.C. § 1681s-2(b).

72. PRA is liable to Mr. Davis for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681o.

## B. Claims against Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union, LLC

### i. Willful Failure to Employ Reasonable Procedures to Ensure Maximum Accuracy of Mr. Davis's Credit Reports in Violation of 15 U.S.C. § 1681e(b)

73. The allegations set forth in the paragraphs above are re-alleged and incorporated by reference as if fully set forth herein.

74. Equifax, Experian, and Trans Union regularly engage in the practice of assembling and evaluating consumer credit information for the purpose of preparing consumer reports, as that term is defined in 15 U.S.C. § 1681a(d), commonly referred to as Credit Reports, and furnishing these Credit Reports to third parties.

75. Equifax, Experian, and Trans Union use means and facilities of interstate commerce for the purpose of preparing and furnishing Credit Reports and, hence, each is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).

76. In preparing Credit Reports, Equifax, Experian, and Trans Union failed to use reasonable procedures to, as required by law, "assure maximum possible accuracy" of information relating to the PRA/HSBC debt in violation of 15 U.S.C. § 1681e(b).

77. As a result of Equifax, Experian, and Trans Union's failure to use reasonable procedures in accordance with the requirements of 15 U.S.C. § 1681e(b), Equifax, Experian, and Trans Union erroneously reported negative credit information concerning the PRA/HSBC debt that appeared on Mr. Davis's consumer credit reports.

78. Equifax, Experian, and Trans Union's failure to comply with the requirements of 15 U.S.C. § 1681e(b) is willful within the meaning of 15 U.S.C. § 1681n(a).

79. As a result of Equifax, Experian, and Trans Union's willful noncompliance with the requirements of 15 U.S.C. § 1681e(b), Mr. Davis is entitled to actual, statutory, punitive damages, and his reasonable attorney's fees and costs under 15 U.S.C. § 1681n(a).

### ii. Negligent Failure to Employ Reasonable Procedures to Ensure Maximum Accuracy of Mr. Davis's Credit Reports in Violation of 15 U.S.C. § 1681e(b)

80. The allegations set forth in the paragraphs above are re-alleged and incorporated by reference as if fully set forth herein.

81. Equifax, Experian, and Trans Union regularly engage in the practice of assembling and evaluating consumer credit information for the purpose of preparing consumer reports, as that term is defined in 15 U.S.C. § 1681a(d), commonly referred to as Credit Reports, and furnishing these Credit Reports to third parties.

82. Equifax, Experian, and Trans Union use means and facilities of interstate commerce for the purpose of preparing and furnishing Credit Reports and, hence, each is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).

83. In preparing Credit Reports, Equifax, Experian, and Trans Union failed to use reasonable procedures to, as required by law, "assure maximum possible accuracy" of information relating to the PRA/HSBC in violation of 15 U.S.C. § 1681e(b).

84. Equifax, Experian, and Trans Union's failure to comply with the requirements of 15 U.S.C. § 1681e(b) is negligent within the meaning of 15 U.S.C. § 1681o(a).

85. As a result of Equifax, Experian, and Trans Union's failure to use reasonable procedures in accordance with the requirements of 15 U.S.C. § 1681e(b), Equifax, Experian, and Trans Union erroneously reported negative credit information concerning the PRA/HSBC debt that appeared on Mr. Davis's consumer credit reports.

86. As a result of Equifax, Experian, and Trans Union's negligent noncompliance with the requirements of 15 U.S.C. § 1681e(b), Mr. Davis is entitled to actual damages and his reasonable attorney's fees and costs under 15 U.S.C. § 1681o(a).

### iii. Violation of 15 U.S.C. 1681i(a)

87. The allegations set forth in the paragraphs above are re-alleged and incorporated by reference as if fully set forth herein.

88. Equifax, Experian, and Trans Union failed to properly reinvestigate Mr. Davis's dispute and Equifax, Experian, and Trans Union continued to prepare and publish false consumer reports.

89. Equifax, Experian, and Trans Union failed to use reasonable procedures to reinvestigate Mr. Davis's dispute and, likewise, took inadequate action to correct Mr. Davis's consumer reports or delete the false data or otherwise conduct an appropriate, lawful reinvestigation.

90. Equifax, Experian, and Trans Union failed to take necessary and reasonable steps to prevent further inaccuracies from entering Mr. Davis's credit file data and such false data continued to be posted as new consumer credit reports were prepared, issued and disseminated by Equifax, Experian, and Trans Union and relayed for further use, reliance and publication by their subscribers.

91. Equifax, Experian, and Trans Union failed to adopt and follow reasonable procedures to assure the proper reinvestigation, accuracy, deletion and/or suppression of false data appearing on Mr. Davis's consumer reports and as contained in their consumer reporting data bank, as required by the Fair Credit Reporting Act.

92. Equifax, Experian, and Trans Union willfully, or alternatively, negligently, violated the Fair Credit Reporting Act, 15 U.S.C. 1681i(a).

93. As a result of Equifax, Experian, and Trans Union's willful noncompliance with the requirements of 15 U.S.C. § 1681e(b), Mr. Davis is entitled to actual, statutory, punitive damages, and his reasonable attorney's fees and costs under 15 U.S.C. § 1681n(a).

94. As a result of Equifax, Experian, and Trans Union's negligent noncompliance with the requirements of 15 U.S.C. § 1681e(b), Mr. Davis is entitled to actual damages and his reasonable attorney's fees and costs under 15 U.S.C. § 1681o(a).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jerald Davis requests that the Court grant him the following relief:

1. Award Plaintiff actual damages;

2. Award Plaintiff maximum statutory damages against each Defendant;

3. Award Plaintiff punitive damages against PRA, Equifax, Experian, and Trans Union;

4. Award Plaintiff reasonable attorney's fees and costs;

5. A trial by jury; and

5. Such other relief as may be just and proper.

Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue
Suite 4
Louisville, KY 40207
Tel: (502) 473-6525
Fax: (502) 473-6561
james@kyclc.com